UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-116-RJC

| ROBERTA NAYLOR, | ) | |
|---|---|---|
| Plaintiff. | ) | |
| v. | ) | **ORDER** |
| WELLS FARGO HOME MORTGAGE, Inc.; WACHOVIA BANK, N.A.; WELLS FARGO ASSET SECURITEIS COPRORATION, AS TRUSTEE FOR WELLS FARGO MORTGAGE BACKED SECURITIES 2003-J TRUST; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, AKA "MERS" AND DOES 1 THROUGH 100, INCLUSIVE, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motions for Temporary Restraining Order, (Doc. No. 12) and Defendants' Response in Opposition to Plaintiff's Motion for Temporary Restraining Order and Injunction, (Doc Nos. 17, 18).

Plaintiff Roberta Naylor filed a Motion for Temporary Restraining Order ("TRO") preventing the foreclosure of her property, located at 9006 Morgan Downs Court, Charlotte, NC 28270. (Id.). A foreclosure proceeding was instituted in Mecklenburg County North Carolina due to a default in the payment terms of the Note and Deed of Trust. The Mecklenburg County Clerk of Court conducted a foreclosure hearing in this matter on August 16, 2012 and entered an order that allowed the foreclosure to proceed. Plaintiff appealed the Clerk's Order; however, the Superior Court heard the appeal de-novo and entered an Order allowing the foreclosure sale to proceed. Plaintiff then appealed the Superior Court's Order, but the appeal was ultimately dismissed by an Order entered on January 22, 2014. The subject property was sold at a

foreclosure sale on October 28, 2013 and the subject foreclosure sale was confirmed ten days later on November 7, 2013. Plaintiff subsequently moved to set aside the foreclosure sale; however, the Mecklenburg County Superior Court refused to set aside the sale. (Doc. No. 17 at 3, 4). The Order denying the request to set aside the foreclosure sale was appealed and that Appeal was dismissed by an Order entered on April 29, 2014. (Id.). Plaintiff has filed before this Court a Motion for Temporary Restraining Order. (Doc. No. 12).

A temporary restraining order is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, *Federal Practice and Procedure* § 2951 (2d ed). It is an "extraordinary and drastic remedy" never awarded as a matter of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding such request." Amoco Production Co. v. Gambell, 480 U.S. 531, 542 (2008). A plaintiff seeking a temporary restraining order must establish four elements, including that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and, (4) an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Here, the Court finds that Plaintiff has failed to establish that her claim will likely succeed on the merits. Plaintiff seeks to obtain a reversal of a state court foreclosure decision by a federal court, a practice barred by the Rooker-Feldman doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The purpose of Rooker-Feldman is to prevent the exercise of appellate jurisdiction of lower federal courts over state-court judgments. Verizon Md. Inc. v. Public Serv. Comm'n of Md., 553 U.S. 664 n.3 (2002). This doctrine provides that "a party losing

in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based upon losing party's claim that the state judgment itself violates the loser's federal rights." <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994). Here, the state court fully and finally ordered that Defendants were allowed to proceed with foreclosure; therefore, Plaintiff's action is barred by the <u>Rooker-Feldman</u> doctrine and is unlikely to succeed on the merits.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Temporary Restraining Order, (Doc. No. 12) is **DENIED**.

Signed: April 14, 2015

_____

Robert J. Conrad, Jr.
United States District Judge